

**United States District Court
Eastern District of North Carolina**
Office of the Clerk
201 S. Evans Street
Greenville, NC 27858

Phone (252) 830-2330
Fax (252) 830-2793

Dennis P. Iavarone
Clerk of Court

July 26, 2011

Dawnice Iquan Wilkins
Register # 25456-056
FPC Alderson
Federal Prison Camp
Glen Ray Road, Box A
Alderson, WV 24910

Re: **United States v. Dawnice Wilkins
5:10-CR-129-1F**

Dear Ms. Wilkins:

This letter is in response to your June 21, 2011, correspondence where you requested information regarding motion filing procedures.

All motions are required to be filed in writing (typed or clearly written) with the relief clearly stated. Motions may be supported by other documents and should be attached. I have enclosed select pages from our local rules that pertain to this court's motion filing procedure. You may mail your motion to the address in this letter. Once the court rules on your motion, a certified copy of the court's order will be forwarded to you.

Please let me know if you have any further questions.

Sincerely,

*Shelia Foell*
Shelia Foell
Criminal Case Manager for the
Honorable James C. Fox
Senior U.S. District Judge

/sdf

enclosures

**Rule 47.1      Motion Practice**

    **(a)**    **General Requirements.** All motions shall be concise and shall state precisely the relief requested. Motions shall conform to the general motions requirements, standards and practices set forth in the applicable Federal Rules of Criminal Procedure and in <u>Local Criminal Rule 47.3</u>. Time for the filing of pretrial motions in criminal cases is governed by <u>Local Criminal Rule 12.1</u>.

    **(b)**    **Supporting Memoranda.** Except for motions which the clerk may grant as specified in <u>Local Criminal Rule 56.1</u>, all motions made other than in a hearing or trial shall be filed with an accompanying supporting memorandum in the manner prescribed by <u>Local Criminal Rule 47.2(a)</u>. Where appropriate, motions shall be accompanied by affidavits or other supporting documents.

    **(c)**    **Responses to Motions.** Any party may file a written response to any motion. A response shall be in the form a memorandum in the manner prescribed by <u>Local Criminal Rule 47.2(a)</u>, and may be accompanied by, without limitation, affidavits and other supporting documents. Responses and accompanying documents shall be filed within twenty-one (21) days after service of the motion in question unless otherwise ordered by the court or prescribed by the applicable Federal Rules of Procedure.

    **(d)**    **Subsequently Decided Controlling Authority.** A suggestion of subsequently decided controlling authority, without argument, may be filed at any time prior to the court's ruling and shall contain only the citation to the case relied upon if published or a copy of the opinion if the case is unpublished.

    **(e)**    **Affidavits.** Ordinarily, affidavits will be made by the parties and other witnesses and not by counsel for the parties. However, affidavits may be made by counsel for a party if the sworn facts are known to counsel or counsel can swear to them upon information and belief, and

        (1)    the facts relate solely to an uncontested matter; or

        (2)    the facts relate solely to a matter of formality and there is no reason to believe that substantial evidence will be offered in opposition to the facts; or

        (3)    the facts relate solely to the nature and value of the legal services rendered for the party by such counsel or counsel's law firm; or

        (4)    the refusal to accept the affidavit would work a substantial hardship on the party and the court finds that its acceptance of the affidavit

would not be such as to require that counsel or counsel's law firm be disqualified from continuing to appear for the party.

**(f)** **Hearings on Motions.** Hearings on motions may be ordered by the court in its discretion. Unless so ordered, motions shall be determined without hearing.

**(g)** **Frivolous or Delaying Motions.** Where the court finds that a motion is frivolous or filed for delay, costs may be assessed against the party or counsel filing such motion.

**(h)** **Motions for an Extension of Time to Perform an Act.** All motions for an extension of time to perform an act required or allowed to be done within a specified time must show good cause, prior consultation with opposing counsel and the views of opposing counsel. The motion must be accompanied by a separate proposed order granting the motion.

**Rule 47.2** **Supporting Memoranda**

**(a)** **Form and Content.** A memorandum shall comply with Local Criminal Rule 47.3 and shall contain:

(1) a concise summary of the nature of the case;

(2) a concise statement of the facts that pertain to the matter before the court for ruling;

(3) the argument (brevity is expected) relating to the matter before the court for ruling with appropriate citations in accordance with Local Criminal Rules 47.2(b), (c) and (d);

(4) copies of any decisions in cases cited as required by Local Criminal Rules 47.2 (c) and (d)**.**

**(b)** **Citation of Published Decisions.** Published decisions cited should include parallel state court citations, the year of the decision, and the court deciding the case. The following are illustrations:

(1) State Court Citation: *Rawls v. Smith*, 238 N.C. 162, 77 S.E.2d 701 (1953).
(2) District Court Citation: *Smith v. Jones*, 141 F. Supp. 248 (E.D.N.C. 1956).

(3) Court of Appeals Citation: *Smith v. Jones*, 237 F.2d 597 (4th Cir. 1956).

(4) United States Supreme Court Citation: *Smith v. Jones*, 325 U.S. 196 (1956). United States Supreme Court cases should in accordance with current Bluebook form.

**(c)** **Citation of Decisions Not Appearing in Certain Published Reports.** Decisions published outside the West Federal Reporter System, the official North Carolina reports, the official United States Supreme Court reports, LexisNexis, and Westlaw (e.g. CCH Tax Reports, Labor Reports, U.S.P.Q., reported decisions of other states or other specialized reporting services) may be cited if the decision is furnished to the court and to opposing parties or their counsel when the memorandum is filed.

**(d)** **Citation of Unpublished Decisions.** Unpublished decisions may be cited only if the unpublished decision is furnished to the court and to opposing parties or their counsel when the memorandum is filed. The unpublished decision of a United States District Court may be considered by this court. The unpublished decision of a United States Circuit Court of Appeals will be given due consideration and weight but will not bind this court. Such unpublished decisions should be cited as follows: *United States v. John Doe*, 5:94-CR-50-1-F (E.D.N.C. Jan. 7, 1994) (unpublished) and *United States v. Norman*, No. 74-2398 (4th Cir. June 27, 1975) (per curiam) (unpublished).

**(e)** **Length of Memoranda.** Except as otherwise provided by these local rules, memoranda in support of or in opposition to a motion shall not exceed thirty (30) pages in length without prior court approval.

**Rule 47.3** **Forms of Pleadings, Motions and Documents**

All pleadings, motions, discovery procedures, memoranda and other papers filed with the clerk or the court shall:

**(a)** be double-spaced on single-sided, standard letter size (8 ½ x 11) paper, with all typed matter appearing in at least 11 point font size with a one inch margin on all sides;

**(b)** state the court and division in which the action is pending;

**(c)** except for the initial filing, bear the case number assigned by the clerk;

**(d)** contain the caption of the case;

**(e)** if applicable, state the title of the pleading, motion, discovery procedure or document and the federal statute or rule number under which the party is proceeding;

**(f)** contain the individual name, firm name, address, telephone number, fax

number, e-mail address and State Bar identification, where applicable, of all attorneys who appear for the filing party, including an attorney making a special appearance pursuant to Local Criminal Rule 57.1(e);

**(g)** bear the date when signed by counsel;

**(h)** be signed by counsel as required by Local Criminal Rule 57.1(d). Where permitted by order pursuant to Local Criminal Rule 49.2 and Local Criminal Rule 57.1(d) counsel may submit for filing a facsimile copy of the signature of out of state counsel on pleadings provided that a signature page with all original signatures is submitted to the court within seven (7) days after the original filing;

**(i)** on all documents, the signature of parties and counsel shall be followed, on the line immediately below, by the typed or printed name in the exact form as the signature. In preparation of documents for signature by a judge or magistrate judge, a blank space shall be provided below the signature line in which the name may be typed or printed; and

**(j)** have each page numbered sequentially. The following forms are examples to be followed:

THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. __:____-___-__

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | MOTION TO TRANSFER |
| | ) | PROCEEDING |
| | ) | FED. R. CRIM. P.21(a) |
| AARON T. JONES, | ) | |
| Defendant. | ) | |

(Closing)

This ____ day of January 201_.

                                              _____
                                              John B. Counselor
                                              Attorney for Defendant
                                              Abbot, Ball and Counselor
                                              Attorneys at Law
                                              200 Main Street

Post Office Box 50
Raleigh, North Carolina  27602
John.B.Counselor@email.address.com
(919) 878-8787
Fax (919) 878-8000
State Bar No.

**Rule 47.4** **Form of Exhibits to Motions**

Exhibits containing double-sided documents are not permitted and will not be considered by the court.  Condensed deposition transcripts are discouraged.

**[Rule 47.5]** **[Implementing Requirements of the E-Government Act of 2002]**

(Rescinded eff. December 1, 2007)
See FED. R. CIV. P. 5.2

**Rule 47.6** *Ex Parte* **Motions**

Unless the related case is already under seal, an *ex parte* motion shall only be sealed upon specific order of the court.  A motion requesting permission to file an *ex parte* motion under seal shall include the *ex parte* motion as an attachment.  The clerk shall treat the motion to seal and attachment as sealed pending order of the court.

**Rule 48.1** **Reserved for Future Purposes**

**Rule 49.1** **Filing and Service of Papers**

    **(a)** **Electronic Filing**

        **(1)** **Parties' Pleadings and Other Documents.**  Unless otherwise permitted by the Electronic Case Filing Administrative Policies and Procedures Manual (Policy Manual), or otherwise authorized by the assigned judge, all documents submitted for filing shall be filed electronically using the Case Management/Electronic Case Filing system (CM/ECF) and in accordance with the Policy Manual. A document shall not be considered filed for the purposes of the Federal Rules of Civil, Criminal or Appellate Procedure until the filing party receives a system generated Notice of Electronic Filing (NEF). Any document electronically filed or converted by the clerk's office to electronic format shall be the official record of the court. As such, the clerks office will not maintain a paper record of these documents. The clerk's office will not accept any e-mail or facsimile transmission for filing unless ordered by the court.

        **(2)** **Court-Generated Documents.**  All orders, decrees, judgments, and