**JAMES C. FOX**

SENIOR JUDGE

TELEPHONE: (910) 815-4738

FAX: (910) 815-4628

April 4, 2012

Dawnice Wilkins
54256-056
Federal Prison Camp
P.O. Box A
Alderson, WV    24910

        RE:    *United States v. Dawnice Iquan Wilkins*
                Docket No. 5:10-CR-00129-F-1

Dear Ms. Wilkins,

Judge Fox has received your letter dated March 26, 2012, regarding the imposition of your sentence for your conviction for conspiracy to commit mail fraud and wire fraud, and has asked me to respond on his behalf.

In the letter, you complain about character letters on your behalf not being submitted to the court prior to your sentencing, and state that you were not adequately represented. You also ask Judge Fox to identify "the aggravating or mitigating circumstance that was not taken into consideration in [the] presentence report."

With regard to the character letters and your attorney's representation of you at the sentencing hearing, if you believe the fact or duration of your sentence in some way violates your constitutional rights, you may seek relief by filing a formal motion pursuant to 28 U.S.C. § 2255 with the Clerk of Court. Such motions, however, are governed by strict time and subject matter limitations.

When you ask Judge Fox to identify the aggravating or mitigating circumstance not taken into consideration in the presentence report, I assume you are asking why the court upwardly departed from the Guideline range calculated in the presentence report in imposing your sentence. As Judge Fox stated in open court during your sentencing hearing, the court departed upward three criminal history categories pursuant to United States Sentencing Guidelines ("USSG") Section 4A1.3(a)(1), p.s., because "the defendant has ten prior felony convictions of conduct similar to the instant offense which were not considered in establishing her criminal history category due to their age," and "in view of those convictions as well as the defendant's other convictions of larceny and worthless checks, the court finds that the . . . assigned . . . criminal history category substantially underrepresents the seriousness of the defendant's

criminal history and the likelihood that she will commit similar offenses in the future." Transcript of January 3, 2012, Sentencing Hearing, p. 19-20, located at Docket Entry 72.

The court also departed upward two offense levels, as suggested by Application Note 19 of the Commentary to Section 2b1.1 of the USSG, because the offense level of 17 substantially understated the seriousness of your offense. As Judge Fox stated at the sentencing hearing, "the court finds it appalling that through the unauthorized use of their social security numbers[,] credit standings of at least 119 individuals have been compromised by the defendant's conduct." Transcript at p. 20. Because the "potential harm, embarrassment and inconvenience" suffered by those 119 individuals is "immeasurable," the court departed "two offense levels to capture the harm or potential harm not previously addressed by the guidelines calculations." Transcript at p. 20.

The Fourth Circuit Court of Apppeals affirmed this departure sentence in an opinion issued on July 15, 2011.

I trust that this letter answers your questions. Judge Fox has directed the Clerk of Court to docket your March 26, 2012, letter, and this reply, in the record of your case.

Sincerely

A.O. Hockaday
Law Clerk to
Senior U.S. District Judge James C. Fox

aoh